1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11  ROGELIO MAY RUIZ,                          No.  2:19-CV-2518-KJM-DMC-P

12                 Plaintiff,

13          v.                                 <u>ORDER</u>

14  S. GATES, et al.,

15                 Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint (ECF No. 1).

19          The Court is required to screen complaints brought by prisoners seeking relief

20  against a government entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. §

21  1915A(a).  The Court must dismiss a complaint or portion thereof f it: (1) is frivolous or

22  malicious; (2) fails to sate a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26  means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                    1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated in Salinas Valley State Prison, and the events plaintiff is alleging occurred while at California State Prison, Sacramento.  Plaintiff appears to be alleging that the Defendants Gates and Smini have been deliberately indifferent to his medical needs.

Plaintiff is alleging that Defendant Gates denied Plaintiff an orthopedic mattress for Plaintiff's back.  See ECF 1, pg. 3.  Plaintiff appears to claim that his back, ribs, hip, neck, portions of his spine, lower back, half his vertebrae, and both shoulders are injured in some way.  See id. at 3 and 12.  Plaintiff makes reference to his body parts being fake, false, and damaged.  See id.  at 3-4.  Plaintiff contends that an unidentified doctor has hidden the evidence of his body parts being injured.  See id. at 3.  According to Plaintiff he was told that he had abnormalities in 4 vertebrae that are fake in his neck.  See id.  Plaintiff says he was granted an MRI on November 1, 2019, but that on December 4, 2019 he was denied both the MRI and the orthopedic bed.  See id.  Plaintiff was given a back brace, but that he cannot sleep because of the pain.  See id.  He also states that he is suffering from difficulty breathing.  See id.

Plaintiff further contends that Defendant Smini is a doctor, though the records provided by Plaintiff indicate Defendant Smini is a registered nurse. Plaintiff charges that Defendant Smini has hidden evidence of Plaintiff's injuries and abnormalities.  See ECF 1, pgs. 4, 22-25.  Plaintiff alleges that Defendant Smini stated Plaintiff's spine and vertebrae were normal, but Plaintiff argues that he has a separate record that shows he has something wrong with his spine, hip, and shoulder.  See id.  Plaintiff does not provide that record in his complaint.  Plaintiff alleges that Defendant Smini has denied granting him medical resources, knowing Plaintiff's

2

injuries.  See id.  Plaintiff claims that his medical records from 2016 would show that his injuries were extensive.  See id.

Plaintiff attached documentation of his medical grievances and some medical records to his claim.  See ECF No. 1 pgs. 8-25.  These records show that Plaintiff was seen by a registered nurse and his primary care provider on June 5, 2019.  See ECF No. 1 pgs. 9, 20.  The care provider reviewed Plaintiff's thoracic and lumbar spine x-rays, and ordered a back brace for the Plaintiff.  See Id.  Plaintiff was given the back brace on June 14, 2019.  See Id.  Plaintiff was evaluated again by his primary care provider on June 26, 2019.  See Id. at 9.  The provider determined that an extra mattress was not medically necessary.  See Id.  Plaintiff has continued to be evaluated by his primary care provider, including a visit on September 26, 2019.  See Id.  During that visit the doctor reviewed Plaintiff's medical history, and a treatment plan including pain relief medication and physical therapy.  See Id.  at 9-10.  Plaintiff had appointments with his primary care provider and physical therapist pending scheduling as of October 16, 2019.  See Id.  at 10.  Based on this information it was determined no intervention was required.  See Id.  at 9.  This review appears to have been signed on behalf of Defendant S. Gates by another individual.  See Id.  at 10.

Plaintiff does not speak English, and he was assisted in preparing documents by an individual named Vencino.  See ECF 1, pg. 7-8.

## II. DISCUSSION

Plaintiff has failed to allege sufficient facts to establish a claim that Defendant Gates was deliberately indifferent to Plaintiff's medical needs.  However, Plaintiff has established sufficient facts to support a claim that Defendant Smini was deliberately indifferent to Plaintiff's medical needs.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

4

1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### A.   **Defendant Gates**

Plaintiff alleges that Defendant Gates denied him an orthopedic mattress that he needed due to his injuries.  However, the documentation that Plaintiff attached to his complaint shows that Defendant Gates denied the mattress because it was deemed to not be medically necessary.  While Plaintiff does allege that a doctor hid information relating to his injuries, the Plaintiff does not identify that doctor as being Defendant Gates.  Rather, Defendant Gates performed a review of Plaintiff's medical records and found based on those records that an orthopedic mattress would not be necessary.  While Plaintiff may disagree, a difference of opinion between the prisoner and medical providers on the proper course of treatment does not give rise to an Eighth Amendment claim.  See Jackson, 90 F.3d 332.  As such the Court finds that Plaintiff has failed to allege sufficient facts to support a claim of deliberate indifference to Plaintiff's medical needs against Defendant Gates.

### B.   **Defendant Smini**

Plaintiff's allegation that Defendant Smini has hidden evidence of serious injuries would give rise to a claim of deliberate indifference to Plaintiff's medical needs.  Plaintiff's alleged injuries are serious, and to deliberately hide evidence of those serious injuries would deprive Plaintiff needed medical attention.  As such the Court finds that Plaintiff has alleged sufficient facts to support a claim of deliberate indifference to Plaintiff's medical needs.

5

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.


Dated:  December 11, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6