IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>S. GATES, et al.,<br><br>    Defendants. | No. 2:19-CV-2518-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 15.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

As with the original complaint, Plaintiff names the following Defendants in the first amended complaint: (1) S. Gates, the Chief Medical Officer at California State Prison – Sacramento (CSP-Sac.); and (2) P. Smini, a registered nurse at CSP-Sac.  See ECF No. 1, pgs. 1, 2.  Plaintiff states that he has "a lot of abnormalities in his body" and contends that a number of joints and other parts of his body are "false."  Id. at 3.  According to Plaintiff, he has never received any medical attention for these problems.  See id.  Plaintiff contends Defendant Gates is responsible "[b]ecause he is the Chief. . . ." who addressed Plaintiff's health care grievance.  Id.  Plaintiff next alleges that Defendant Smini hid and/or falsified evidence of his medical conditions.  See id. at 4.  He further alleges that Defendant Smini "denied to give appointment with the Doctor more than one time."  Id.

## II.  DISCUSSION

The gravamen of Plaintiff's first amended complaint is his assertion that Defendants denied him adequate medical care, in violation of the Eighth Amendment.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter,

sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

1       Negligence in diagnosing or treating a medical condition does not, however, give
2 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106.  Moreover, a
3 difference of opinion between the prisoner and medical providers concerning the appropriate
4 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
5 90 F.3d 330, 332 (9th Cir. 1996).
6       As with the original complaint, the Court finds that the first amended complaint
7 states a cognizable claim as against Defendant Smini but not as against Defendant Gates.  See
8 ECF No. 11 (screening order addressing original complaint).

9     **A.**    **Defendant Smini**

10       Plaintiff's allegation that Defendant Smini hid evidence of Plaintiff's serious
11 medical conditions supports a claim of deliberate indifference.  Specifically, to deliberately hide
12 evidence deprives Plaintiff needed treatment.  By separate order, the Court will direct service of
13 the first amended complaint on Defendant Smini.

14     **B.**    **Defendant Gates**

15       A Headquarters Level Response to Plaintiff's health care grievance, dated
16 November 17, 2020, and signed by Defendant Gates, which Plaintiff attached to the first amended
17 complaint, sheds some light on the nature of Plaintiff's claim.  Specifically, this document, which
18 appears to be the basis of Plaintiff's assertion that Gate is liable, reflects that Gates' decisions
19 were based on medical examinations showing that there was no medical necessity supporting
20 Plaintiff's grievance.  See ECF No. 15, pgs. 7-9.  Given this additional documentation, the Court
21 finds that Plaintiff's claim against Defendant Gates amounts to a difference of medical opinion,
22 which is not cognizable under § 1983.  See Jackson, 90 F.3d at 332.
23       The Court observes that this defect persists from the original complaint.  Given
24 that Plaintiff is either unable or unwilling to allege further facts to state a claim against Defendant
25 Gates, the Court now recommends Defendant Gates be dismissed.
26 / / /
27 / / /
28 / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Gates be dismissed as a defendant to this action, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE