# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>S. GATES, et al.,<br><br>    Defendants. | No. 2:19-CV-2518-KJM-DMC-P<br><br><br><u>ORDER</u> |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 37.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See <u>Terrell</u>, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See <u>id.</u> In <u>Terrell</u>, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Specifically, as to success on the merits, Plaintiff has not demonstrated any particular need for counsel.  Plaintiff has demonstrated an adequate ability – with assistance – to articulate his position in English through his Complaint, First Amended Complaint, and other motions and requests.  Submitting a request partially in Spanish, as he does now, does not create an exceptional circumstance meriting the appointment of counsel.  Finally, Plaintiff alleges straightforward constitutional violations of medical care standards. The factual and legal issues involved in this case are thus not unusually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 37, is denied.

Dated:  June 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE